UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIRK PARROTT,

    Plaintiff,

v.                                        Case No.: 8:19-cv-300-EAK-JSS

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

    Defendant.
_____

## ORDER

In this removed action for breach of contract, the plaintiff, Kirk Parrot, seeks to recover benefits allegedly due to him under an individual disability income insurance policy issued and administered by the defendant, Northwestern Mutual Life Insurance Company ("**Northwestern**"). (Doc. 1-2). In his complaint, Parrott demands, among other things, an award of future[1] benefits due under the policy. Id. at 2 ¶11, 3. However, Parrott now acknowledges that, "based on prevailing case law," he can't recover future benefits due under the policy and, instead, can recover only those benefits due to him at the time he filed his complaint. (Doc. 12 at 5–11, 8 n.2). He accordingly "withdrawals" from his complaint his demand for future benefits. Id. Importantly, the parties agree that, if future benefits are excluded from the Court's calculus, Parrott's damages, including amounts for attorney fees, are at most

---

[1] Specifically, Parrott seeks an award of "future benefits" and "acceleration of future benefits." (Doc. 1-2 at 2 ¶11, 3).

$66,713.00, id. at 10; (Doc. 14 at 2), which is well-below the required amount in controversy for purposes of the Court's diversity jurisdiction, see 28 U.S.C. § 1332(a) (setting $75,000 amount in controversy requirement for federal diversity jurisdiction). As a result, Parrott moves to remand the action to state court. (Doc. 12).

Northwestern agrees that Parrott can't recover future benefits under the policy, but it nonetheless opposes remand. (Doc. 1 at 6 n.2); (Doc. 14). Northwestern counters that jurisdictional facts must be evaluated at the time of removal; that is, "post-removal events" that reduce the plaintiff's recoverable damages below the amount in controversy requirement don't oust district courts of diversity jurisdiction. Id. at 5–6 (citing Poore v. Am.-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1290–91 (11th Cir. 2000)). Put another way, Northwestern contends that by simply demanding future benefits in his complaint, Parrott has put those damages in issue, and thus those amounts must be included in the Court's calculus, regardless of whether those damages are actually recoverable and regardless of any attempt by Parrott to withdraw his demand for the same. (Doc. 14 at 5–8).

While Northwestern correctly cites the general rule governing the scope of the Court's evaluation of jurisdictional facts upon removal, its argument confuses the issue. A determination that Parrott can't recover future benefits isn't a "post-removal event." Parrot either can recover future benefits, or he can't. And, if he can't, that would've been true even before Northwestern removed the action to this Court. Thus, the actual issue presented can be simply stated: if it appears to a legal certainty that

Parrot can't recover future benefits under the policy, then the amount in controversy doesn't exceed $75,000, and the action should be remanded. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994) (holding that a district court lacks diversity jurisdiction where it appears to a "legal certainty" that the plaintiff's claim is for less than the jurisdictional amount). See also, e.g., Level 3 Commc'ns, LLC v. Salser Constr., Inc., No. 5:17-cv-143-JSM-PRL, 2017 WL 2930920, at *2 (M.D. Fla. July 10, 2017) (Moody, J.) ("[The plaintiff] claims it has loss-of-use damages totaling $82,577.50, and repair costs of $20,596.73. . . . So, if [the plaintiff] cannot recover loss-of-use damages, it would appear to a legal certainty that the amount in controversy does not exceed $75,000."); Benton v. State Farm Fire & Cas. Co., No. 2:14-cv-77-CSC, 2014 WL 2002851, at *4 n.3 (M.D. Ala. May 15, 2014) (Coody, J.) ("In determining the amount in controversy, the court has not considered the [plaintiff's] request for punitive damages for breach of contract because it appears to a legal certainty that punitive damages are not available for that claim.").

Under well-established Florida law, recovery under an individual disability income insurance policy generally "is limited to the installments which have accrued at the institution of the action." Aetna Life Ins. Co. v. Smith, 345 So. 2d 784, 787 (Fla. 4th DCA 1977), cert. denied, 353 So.2d 678 (Fla. 1977) (citing Mutual Life Insurance Co. v. Knight, 178 So. 898 (1937)). A recognized exception may be applicable where the insurer repudiates the entire policy. Id. Here, however, Parrott alleges breach of the policy, not repudiation. (Doc. 1-2); (Doc. 12 at 3–4) ("At no time

has either party claimed that the policy was repudiated or an inability to perform under its terms—<u>rather, this is a case for breach of contract</u> based on [Northwestern's] disputed determination that . . . Parrott is not disabled as defined by the policy.") (emphasis added). Accordingly, Parrot's recovery is limited, <u>as a matter of law</u>, to benefits due to him at the time he filed his complaint.

Given that limitation, it appears to a legal certainty – and the parties don't disagree – that Parrott can't recover more than $75,000. The Court therefore lacks diversity jurisdiction over the dispute. Parrot's motion to remand is **GRANTED**.[2] <u>See, e.g.</u>, <u>Kneebusch v. Mut. of Omaha Ins. Co.</u>, No. 8:06-cv-1976-EAK-TBM, 2007 WL 1174121, at *3 (M.D. Fla. Apr. 18, 2007) (Kovachevich, J.) (remanding action for breach of individual disability income insurance policy due to lack of diversity jurisdiction where the plaintiff's pre-suit losses, plus attorney fees, totaled less than the required amount in controversy). The Clerk is directed to **REMAND** this action to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, and close the case.

---

[2] Parrot contends Northwestern knew or should've known that Parrott can't recover future benefits under the policy – regardless of any demand for such an award in his complaint – and that Northwestern's removal of the action was therefore objectively unreasonable, necessitating an award of attorney's fees to Parrott for the inconvenience. The Court disagrees. Despite the Court's finding that it lacks diversity jurisdiction over the dispute, the Court finds that Northwestern's attempt at removal, although not legally proper, was objectively reasonable. Based on Parrott's own allegations and demands in his complaint, there were sufficient facts and questions of applicable law to warrant Northwestern's attempt at removal. Thus, an award of attorney's fees to Parrott is unwarranted. <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."). The Court denies Parrott's request for attorney's fees.

Case No.: 8:19-cv-300-EAK-JSS

**ORDERED** in Chambers, in Tampa, Florida, this 1st day of August, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record